UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF NEW YORK

---------------------------------------------X

JOSEPH O'BRIEN and MARGARET O'BRIEN,

Plaintiffs,

Civil Action No. 87 -CV- 863

JUDGE CHOLAKIS

v.

OWENS-ILLINOIS, INC.
OWENS-CORNING FIBERGLAS CORPORATION
PITTSBURGH-CORNING CORPORATION
EAGLE-PICHER INDUSTRIES, INC.
THE SOUTHERN TEXTILE CORPORATION
H.K. PORTER COMPANY, INC.
RAYMARK INDUSTRIES, INC., a/k/a/ RAYBESTOS-MANHATTAN, INC.
COMBUSTION ENGINEERING, INC.
THE CELOTEX CORPORATION
NICOLET INDUSTRIES
GAF CORPORATION
CAREY CANADA, INC.
ARMSTRONG WORLD INDUSTRIES, INC.
NATIONAL GYPSUM COMPANY
UNITED STATES GYPSUM COMPANY
U.S. MINERAL PRODUCTS COMPANY
A C & S, INC.
FIBREBOARD CORPORATION
TURNER & NEWALL PLC

Defendants.

COMPLAINT

PLAINTIFFS DEMAND A TRIAL BY JURY

---------------------------------------------X

Plaintiffs, by their attorneys, Robert C. Weisenberger, Esq. and THORNTON & EARLY, as and for a COMPLAINT against the defendants, individually and jointly and severally allege as follows:

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

PARTIES

1. Plaintiffs, Joseph O'Brien and Margaret O'Brien, at all times relevant to this action have been residents of the State of Florida and County of Pinellas and currently reside at 5222 Fourth Street, Apt. 906, St. Petersburg, Florida.

2A. The defendant, Owens-Illinois, Inc., is a corporation incorporated under the laws of the State of Ohio, having a principal place of business located outside the State of New York, and has conducted business in the State of New York.

2B. The defendant, Owens-Corning Fiberglas Corporation, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located outside the State of New York, and has conducted business in the State of New York.

2C. The defendant, Pittsburgh-Corning Corporation, is a corporation incorporated under the laws of the State of Pennsylvania, having a principal place of business located outside the State of New York, and has conducted business in the State of New York.

2D. The defendant, Eagle-Picher Industries, Inc., is a corporation incorporated under the laws of the State of Ohio, having a principal place of business in the State of Ohio, and has conducted business in the State of New York.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

2E. The defendant, The Southern Textile Corporation, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located outside the State of New York, and has conducted business in the State of New York.

2F. The defendant, H.K. Porter Company, Inc., is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located outside the State of New York, and has conducted business in the State of New York.

2G. The defendant, Raymark Industries, Inc., also known as Raybestos-Manhattan, Inc., is a corporation incorporated under the laws of the State of New Jersey, having a principal place of business located outside the State of New York, and has conducted business in the State of New York.

2H. The defendant, Combustion Engineering, Inc., is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located in the State of Connecticut, and has conducted business in the State of New York.

2I. The defendant, The Celotex Corporation, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located in the State of Florida, and has conducted business in the State of New York.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

2J. The defendant, Nicolet Industries, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located in Pennsylvania, and has conducted business in the State of New York.

2K. The defendant, GAF Corporation, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located in the State of New Jersey, and has conducted business in the State of New York.

2L. The defendant, Carey Canada, Inc., is a foreign corporation having a principal place of business in Canada, which has conducted business in the State of New York.

2M. The defendant, Armstrong World Industries, Inc., is a corporation incorporated under the laws of the State of Pennsylvania, having a principal place of business in Pennsylvania, and has conducted business in the State of New York.

2N. The defendant, National Gypsum Company, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business in the State of Delaware, and has conducted business in the State of New York.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

2O. The defendant, United States Gypsum Company, is a corporation incorporated under the laws of Delaware, having a principal place of business in Delaware, and has conducted business in the State of New York.

2P. The defendant, U.S. Mineral Products Company, is a foreign corporation having a principal place of business in New Jersey, and has conducted business in the State of New York.

2Q. The defendant, A C & S, Inc., is a corporation incorporated under the laws of the State of Pennsylvania, having a principal place of business in the State of Pennsylvania, and has conducted business in the State of New York.

2R. The defendant, Fibreboard Corporation, is a corporation incorporated under the laws of the State of Delaware, having a principal place of business located in the State of California, and has conducted business in the State of New York.

2S. The defendant, Turner & Newall PLC, is an English corporation with its principal place of business in Manchester, England, and has conducted business in the State of New York.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

JURISDICTION

3. Jurisdiction is conferred by reason of diversity of citizenship of the parties and the amount in controversy exceeds Ten Thousand ($10,000) Dollars, exclusive of interest and costs.

4. Upon information and belief, each of the defendants has manufactured, sold, or distributed asbestos and asbestos products in interstate commerce and within the State of New York such as to give each defendant a corporate presence within the State of New York and subject each defendant to the jurisdiction of the Courts of this State for any of the injuries sustained by the plaintiff which were caused by the plaintiff's exposure to asbestos and asbestos products as hereinafter alleged.

5. The plaintiff's cause of action arises from the defendants (a) transacting business in the State of New York; (b) doing business in the State of New York; (c) committing or causing a tortious act to be committed in New York and/or (d) committing a tortious act outside of the State that causes injury within the State.

6. Upon information and belief, the named defendants represent a substantial segment of the thermal-insulating industry involved in the mining, milling, manufacturing, fabricating, distributing or selling of asbestos and asbestos products, which caused

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

the plaintiff's injuries as hereinafter alleged. Certain exposure to particular asbestos and particular asbestos products of the named defendants cannot be identified. For such unidentifiable exposures any or all of the named defendants are liable to the plaintiffs under the concerted action doctrine.

COUNT I: NEGLIGENCE AND GROSS NEGLIGENCE

7. The plaintiff was exposed to defendants' asbestos and asbestos-containing materials while working at various worksites located throughout the State of New York and other states.

8. The plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos products which were mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations.

9. The asbestos and asbestos products which the plaintiff was exposed to were mined, milled, manufactured, fabricated, supplied, and sold by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

10. At all times pertinent hereto, the products were mined, milled, manufactured, fabricated, supplied, and/or sold by the defendant corporations and reached the plaintiff without any substantial change in the condition of the product or products from the time that they were sold.

11. The disease and/or condition from which the plaintiff suffers was directly and proximately caused by his exposure to asbestos and asbestos products which were mined, milled, manufactured, fabricated, supplied, and/or sold by the defendant corporations.

12. The defendant corporations, and each individually, have been possessed of medical and scientific data, studies, and reports since 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

13. The defendant corporations, and each individually, during the 1930's, 1940's, 1950's and 1960's became possessed of voluminous medical and scientific data, studies, and reports, which information conclusively established that asbestos and asbestos-containing products are hazardous to the health and safety of the plaintiff and all humans exposed to the products.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

14. The defendant corporations, and each individually, have since the 1930's had numerous workers compensation claims filed against them by former asbestos worker/employees.

15. The defendant corporations, and each individually, since the 1920's have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants and the asbestos industry.

16. The defendant corporations, and each individually, rather than acting upon the medical and scientific data available, fraudulently, wantonly, and recklessly conspired to deprive the public, and particularly those within the general public who could be expected to be exposed to the asbestos and asbestos-containing products, of the medical and scientific data and knowledge of the workers compensation claims filed thereby depriving workers the opportunity of free choice as to whether or not to expose themselves to the asbestos and asbestos-containing products of the defendants.

17. The defendant corporations, and each individually, during the 1940's, 1950, and 1960's, not only fraudulently, wantonly, and recklessly conspired to deprive the public, the plaintiff, and others similarly situated of the medical and scientific data

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

available, but actively defrauded the public, the plaintiff, and others similarly situated by the solicitation of favorable scientific and medical data and through lectures, speeches, writings, and publications, alleging that defendants and the asbestos industry were dedicated to research relative to the health and safety ramifications of exposure to asbestos and asbestos-containing products.

18. It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, and sale of their asbestos and asbestos products.

19. It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos products and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos products.

20. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities, and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos products.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

21. In disregard of their duties, the defendant corporations breached their duties by (a) failing to warn the plaintiff of the dangers, characteristics, and potentialities of the product or products when the defendant corporations knew or should have known that the exposure to the product or products would have caused disease and injury; (b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to asbestos and asbestos products; (d) failing to provide safe, sufficient, and proper protective clothing, equipment, and appliances with the product or products; (e) failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure; (f) failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure; (g) failing to remove the product or products from the market and/or to substitute commercially feasible alternatives to asbestos-based thermal insulation products when the defendant corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

(h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered; (i) generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos and asbestos products.

22. As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, the plaintiff has contracted an asbestos-related disease and other conditions, and/or aggravated a pre-existing condition, incurred medical expenses, suffered a dramatic reduction of his life expectancy, incurred a great mental and physical pain and suffering, his enjoyment of life has been greatly impaired, and he has also sustained lost wages and lost earning capacity, which damages are continuing in nature.

23. The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos products.

24. The plaintiff further states that the actions enumerated in Paragraphs 12 through 23 were more than negligent acts only. They were done in a willful,

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

wanton, and reckless manner and in gross disregard of the health and safety of the plaintiff and other users or consumers.

WHEREOF, plaintiff demands judgment against the defendants as follows: THREE MILLION ($3,000,000) DOLLARS in compensatory and punitive damages, together with interest and costs.

COUNT II: STRICT LIABILITY

25. Plaintiff realleges the allegations of Paragraphs 1 through 24 of this Complaint, and by reference, makes them part of this Count.

26. The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendant's asbestos and asbestos-containing products as the defendants knew or had reason to know that their products would be used in the insulation and/or construction industry and that individuals, such as the plaintiff, would come in contact with such asbestos materials.

27. The defendants expressly and impliedly warranted that the asbestos and asbestos products described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the plaintiff.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

28. The defendants breached these warranties, in that the products sold by them were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

29. As a direct and proximate result of the defendants' breach of warranties, the plaintiff has contracted an asbestos-related disease.

30. The asbestos and asbestos-containing products of the defendants were defective, not reasonably safe, or unreasonably dangerous when used in an expected and foreseeable manner.

31. The plaintiff used the asbestos-containing products of the defendants with reasonable care and did not misuse or abuse them.

32. The defects in the defendants' asbestos-containing products were a substantial factor or proximate cause in bringing about the plaintiff's injuries.

WHEREFORE, plaintiff demands judgment against the defendants as follows: THREE MILLION ($3,000,000) DOLLARS in compensatory damages, together with interests and costs.

COUNT III: LOSS OF CONSORTIUM

33. Plaintiff-spouse, hereby incorporates by reference all claims and allegations contained in Paragraphs 1 through 32 of this Complaint.

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

34. Plaintiff-spouse, states that as a direct and proximate result of the injuries to her husband, she has been and will be deprived of the full services, society, and consortium of her husband and has been caused mental anguish.

WHEREFORE, the plaintiff-spouse demands judgment against the defendants as follows: FIVE HUNDRED THOUSAND ($500,000) DOLLARS in compensatory damages, and ONE MILLION ($1,000,000) DOLLARS punitive damages together with interest and costs.

DATED:

Respectfully submitted,
THORNTON & EARLY, ESQS.
Attorneys for Plaintiffs
200 Portland Street
Boston, MA 02114
(617) 720-1333

By ______________________________

Robert C. Weisenberger, Esq.
of Counsel
HCI Box 189
Westkill, NY 12492
(518) 989-6206

By [signature]

THORNTON & EARLY
ATTORNEYS AT LAW
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114